Ex parte HENRY.

(District Court, E. D. Wisconsin. August 10, 1918.)

1. ARMY AND NAVY ☞20—SELECTIVE DRAFT ACT—EFFECT ON CIVIL AUTHORITY OF STATES.

Selective Draft Act May 18, 1917, does not in itself change the status of persons of draft age, but recognizes the continued existence of the civil authority of the states over them until actually called for service.

2. ARMY AND NAVY ☞20—SELECTIVE DRAFT ACT—STATUS OF PERSONS CALLED.

A person of draft age and registered, but who had pleaded guilty to a felony under the law of the state, and was in custody awaiting sentence, was not, while having such status, subject to call for service.

Application by Robert Henry for writ of habeas corpus. Denied.

W. J. Kershaw, of Milwaukee, Wis., for petitioner.

H. A. Sawyer, U. S. Atty., of Milwaukee, Wis.

GEIGER, District Judge. The facts as presented by the petition in this matter are in brief these: The applicant, a registrant under the Selective Service Law (Act May 18, 1917, c. 15, 40 Stat. 76), was informed against in the criminal court for Milwaukee county, charged, I believe, with the crime of grand larceny. He was taken into custody, and thereafter such proceedings were had in such court, resulting in his offer and its acceptance of a plea of guilty. On the day of the reception of the plea the municipal judge deferred sentence, I believe, until the second day thereafter. At the time, or shortly after reception of the plea, the local board having jurisdiction over the petitioner served him with a notice, in the ordinary form, requiring him to report for military duty, I believe, on the following day; fixing the hour for his report under the law prior to the time to which the court had deferred the matter of sentencing him. On the following day the petitioner appeared in court, and, in connection with the further proceedings to which the case had been adjourned, advised the court of what had transpired in the meantime, necessarily thereby advising the court of the status which he claimed to have received by virtue of the occurrences in the interim. The court thereupon imposed a sentence, I believe, of two years' imprisonment, which being done, a motion in arrest of judgment was made, which was denied. Thereupon application is made to this court for a writ of habeas corpus, seeking to discharge the custody which necessarily ensues upon the enforcement of the conviction in the criminal court of Milwaukee county.

Petitioner takes the broad view—asserts, rather—that because of the happening of the contingency under the Selective Service Law, through which he is inducted into the military service, the criminal court lost power to impose sentence. Counsel for the petitioner thus states the contention in a brief, after quoting from service law and its regulations, namely:

From and after the hour just named [quoting from the notice served] you will be a soldier in the military service of the United States. This order of

induction [says counsel] is to be found on page 177, section 301, of the selective service regulations and is a part of the law.

The contention is further thus stated:

The chapter on mobilization, section 157, provides with reference to this matter as follows: "From and after the day and hour thus specified each such registrant shall be in the military service of the United States." Further, section 140, page 72, of the selective service rules, provides as follows: "Persons inducted into military service who absent themselves therefrom with the intent to evade military service are deserters"—and further points out the steps to be taken in cases where such registrants fail to report.

Whereupon it is asserted on behalf of the petitioner:

From these provisions it is apparent that the military jurisdiction attaches wholly, completely, and entirely from the date named in this order, if not from the date of the making of this order. No other or subsequent time is named as fixing or establishing his status as a soldier. If this be true, then petitioner's personal right to his liberty within this new status as a soldier and under the military jurisdiction is absolute, subject, of course, to military law. In addition to this there is also involved the right of the federal government to the jurisdiction of his person, because that jurisdiction has never been surrendered to the civil authorities of the state.

Counsel proceeds:

It seems to me that in a broad sense there can be no conflict between state and national jurisdiction in cases of this kind, because, immediately upon declaring a state of war, all states and municipalities within the state, and all sworn officers of such organizations, become agencies and instrumentalities of the national government in the prosecution of such war and the marshaling of all of our resources for the purpose.

It may be said that, if the premise advanced is conceded, if the Selective Service Law be given the effect claimed for it in what I have read, the conclusion is or may be quite inescapable. I am unwilling to accept the premise. The Selective Service Law is just what it professes to be, a law to enable the raising of an army; and, as I shall say in another case to be determined this morning, the law in and of itself does not effect a change of status. There will be no disagreement upon that point. And, certainly, it is the duty of every agency of the state and of the National government and of every municipality to give the fullest possible force and effect to that law in order to accomplish the broad purpose. But that is quite a different proposition from giving it an effect which must ascribe to Congress an absurd intention. The mere fact that Congress has stated in the law that certain persons within certain ages shall be liable to be called does not lead to the result upon the terms of this law that every one of an age within prescribed limits, merely by virtue of the possession of an age between those limits, must go.

[1] Now, that is said for the purpose of getting to this point: That the law contemplates continued existence of civil authority in all of the states until such time when it shall unmistakably be indicated that ordinary civil authority is superseded. And it is not incumbent upon the courts to ascribe to Congress an intention by this law to supersede a status which attached to an individual prior to the time of its attempted application to that individual, which status

involved his incarceration for a violation of the public law of the state. Putting it in a more homely way, it is not fair, at this time, at least, to ascribe to Congress an intention to allow the Selective Service Law to operate as a jail delivery measure. In that connection counsel for the applicant was asked a question, during the presentation of the matter, whether, if a man who is incarcerated in a state or federal penitentiary for a long term had that status at the time of his call, it would be the duty of the warden of the penitentiary, as custodian, to surrender him? I think counsel made the only answer possible consistently with his contention in this case—namely, in the affirmative. I am unwilling to give the law that effect, because it ascribes to Congress an intention which it would have effectuated other than through legislation disclosing merely the ranges of ages and the additional direction that those within those ages shall be liable to be drawn.

[2] Congress intended to recognize the continued existence of the civil authority of the states and the nation, and, necessarily, to recognize the continued status which individuals might have acquired by virtue of the exertion of such continued civil authority; and when it appears, as it appears here, that the individual called was lawfully in the custody of the state, in the exercise of its civil authority to prevent or to vindicate infractions of its criminal law, it should not be said that Congress intended that that status should be superseded; and the courts ought to say, as I do in this case, that in view of the relations subsisting between the federal and the state government, each recognizing the continued existence of the civil authority of the other, a person having this sort of a status under the state authority is not a person liable to be called.

And the application for a writ will be denied.